IN THE UNITED STATES COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WENDY M. EDMUNDS,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG A. SINKINSON,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. CV-050291-S-BLW |

This matter is before the court on Plaintiff's Motion to Reopen Case to Enforce Settlement Agreement and Motion for Deficiency Judgment. (Dkt. No. 42.) On July 7, 2009, the court heard oral argument on the motions. Ms. Amber N. Dina appeared on behalf of the Plaintiff, Wendy M. Edmunds. The Defendant, Craig A. Sinkinson, appeared *pro se* via telephone. Following oral argument, the Defendant filed a Motion to Compel Thomas E. Dvorak and Givens Pursley, LLP, to Withdraw as Attorneys for Plaintiff. (Dkt. No. 61.) As of August 18, 2009, the parties had fully briefed Defendant's motion, and submitted the same in writing to the court for decision. Based on the law and facts relevant to the pending motions, the court

enters the following Memorandum Decision and Order.[1]

## BACKGROUND

In July of 2005, Plaintiff filed a lawsuit against Defendant related to personal and business disputes. The parties settled the case pursuant to a Settlement Agreement, which became effective April 24, 2007. On November 10, 2007, the court entered an Order for Dismissal which incorporated the Settlement Agreement and expressly provided that the matter was dismissed with prejudice "except that the Court will retain jurisdiction to enforce and interpret the Settlement Agreement." (Dkt. No. 30.)

Pursuant to the terms of the Settlement Agreement, Defendant executed, and Plaintiff was the beneficiary of, a promissory note in the amount of $850,000 with an interest rate of 8.38 percent per annum. The promissory note was secured by a Deed of Trust in a piece of property referred to as "the Cougar Island Property," held by Defendant in McCall, Idaho. Section 1.3 of the Deed of Trust states as follows:

> Leasehold Estate. It is recognized that Trustor's interest in the real property that is part of the Property is in the nature of a leasehold estate, specifically a lease from the state of Idaho that is identified by number 5057 (Cougar Island Property) by the state of Idaho ("Leasehold Estate").

Pursuant to the Deed of Trust, Defendant was required to ensure that all payments, fees and charges associated with the Cougar Island Leasehold Estate were made, and his failure to do so would constitute default under the Deed of Trust. (Trust Deed at 4.1(d).) In June 2008,

---

[1]These motions (Dkt. Nos. 42 & 61) are being decided by the Honorable Dee V. Benson, United States District Court for the District of Utah, sitting by special designation pursuant to specific orders of reference. (Dkt. Nos. 48 & 64, respectively.) The case, however, remains assigned to the Honorable B. Lynn Winmill.

Defendant failed to make the required $16,263 payment on the Cougar Island Property. On August 19, 2008, counsel for Plaintiff mailed to Defendant and his counsel a "Notice of Event of Default" and Plaintiff recorded the Notice of Event of Default on September 17, 2008. (Dkt. No. 45, Exhs. B & C.) On September 29, 2008, counsel for Plaintiff mailed to Defendant and his counsel a copy of the Notice of Trustee's Sale. (Dkt. No. 45, Exh. E.) On January 27, 2009, pursuant to the remedies in Section 4.2 of the Deed of Trust, Plaintiff purchased the property at a non-judicial foreclosure for a credit bid of $850,000.

Plaintiff now seeks a deficiency judgment, pursuant to Idaho Code Section 45-1512, in the amount of $137,620.24 (representing the difference between the entire indebtedness at the time of the Trustee's sale and the fair market value of the Cougar Island Property) plus prejudgment interest from the date of the sale at a rate of 8.38 percent per year.[2]

Defendant asserts that Plaintiff's motion for a deficiency judgment should be denied because Plaintiff has failed to fulfill her own obligations under the Settlement Agreement, and because Plaintiff has failed to comply with certain statutory requirements for the deficiency judgment. Following oral argument on these issues, Defendant also moved to compel Plaintiff's

---

[2]At the time of the Trustee's sale, the balance of unpaid principal, interest and fees on the Note were as follows:

| | |
|---|---:|
| Princpal | $850,000.00 |
| Interest (644 days @ 8.38 percent) | $125,677.04 |
| State Lease Payment (Due Jan. 2, 2009) | $8,131.79 |
| Allstate Insurance | $625.50 |
| Trustee's Fees/Sale Guaranty | $3,184.91 |
| Total | $987,620.24 |

counsel to withdraw based on an alleged conflict of interest.

## DISCUSSION

### I. Plaintiff's Motion to Reopen Case to Enforce Settlement Agreement

As an initial matter, the court finds that pursuant to the terms of the Order of Dismissal, filed on November 10, 2007, the court retained jurisdiction to hear and decide the present matter. The Order of Dismissal explicitly provides that "the Court will retain jurisdiction to enforce and interpret the Settlement Agreement." (Dkt. No. 30.) Accordingly, Plaintiff's Motion to Re-Open the Case to Enforce Settlement Agreement is GRANTED.

### II. Defendant's Motion to Compel Plaintiff's Attorneys to Withdraw

Defendant seeks to disqualify the law firm of Givens Pursley LLP from representing Plaintiff in the present matter based on an alleged conflict of interest. Additionally, Defendant claims that Mr. Thomas E. Dvorak, a partner in the law firm, has information in this matter that makes him a material witness. According to the Defendant, Mr. Dvorak had conversations with Defendant before the inception of the lawsuit wherein Defendant made statements about a partnership between the parties, and Mr. Dvorak drafted the settlement documents in question and will be an essential witness on their contents.

The court finds Defendant's motion to compel the disqualification of plaintiff's counsel without merit. First, according to Defendant's affidavit, he has never been a client of Givens Pursley, LLP. Moreover, Mr. Dvorak, the partner in question, is not a material witness in this matter because the issues on which Defendant claims Mr. Dvorak will be required to testify are simply not relevant to the matter before the court. Even assuming as Defendant alleges, that Mr.

Dvorak drafted the Settlement Agreement in this case, there is no ambiguity in the language or drafting of that agreement relevant to the current proceedings before the court.  Despite Defendant's numerous allegations, the court finds nothing in the record that would merit the disqualification of Plaintiff's counsel in the matter pending before the court.  Therefore, Defendant's Motion to Compel the Disqualification of Plaintiff's Counsel is DENIED.

**III.  Plaintiff's Motion for Deficiency Judgment**

The Defendant does not appear to dispute that he failed to pay the June 1, 2008 lease payment which resulted in his default under the Settlement Agreement.  Rather, Defendant asserts that Plaintiff's motion for a deficiency judgment should be denied for essentially three reasons: (A) he did not receive the proper notice of the default and the trustee's sale; (B) Plaintiff herself breached the Settlement Agreement; and (C) Plaintiff has failed to provide evidence sufficient to support her claim that the Cougar Island Property had a fair market value of $850,000 or less.  For the following reasons, the court finds defendant's arguments without merit, and concludes that Plaintiff is entitled to a deficiency judgment against Defendant for the deficiency resulting from Plaintiff's non-judicial foreclosure of the Deed of Trust executed by Defendant as part of the Settlement Agreement.

    **A.  Proper Notice**

First, the court finds that Plaintiff provided Defendant the requisite notice that his failure to make the June 1, 2008 lease payment to the State of Idaho was a default under the Settlement Agreement.  On August 19, 2008, counsel for Plaintiff mailed to Defendant and his counsel a

Notice of Event of Default.  (Dkt. No. 45, Exh. B.)  Although Defendant claims he never received this notice, it was sent to Defendant's Idaho and Guatemala addresses and e-mailed to defendant, in compliance with the court's January 29, 2008 Order Establishing Contact for Service for Defendant Craig A. Sinkinson.  (Dkt. No. 41.)

Moreover, Plaintiff recorded a Notice of Default under the Deed of Trust on September 17, 2008, and thereafter, on September 29, 2008, Plaintiff sent the Notice of Default and Notice of Trustee's sale (which occurred on January 27, 2009) by certified mail, return receipt requested, to Defendant at his Idaho and Guatemala addresses and e-mail account as required by Idaho Code § 45-1506.[3]  (Dkt. No. 45, Exhs. D & E.)  Accordingly, the court finds that Plaintiff provided the requisite notice, in compliance with the requirements set forth under Idaho law.

### B. Alleged Breaches of the Settlement Agreement by Plaintiff

Next, although Defendant now complains of numerous breaches of the Settlement Agreement by Plaintiff, the court concludes that by failing to raise or complain of Plaintiff's alleged breaches prior to the Trustee's Sale, Defendant has waived any such defenses.  The record demonstrates that Defendant received notice of the Trustee's Sale on or about September

---

[3]Idaho Code Section 45-1506 provides, in part:

(2) Subsequent to recording notice of default as hereinbefore provided, and at least one hundred twenty (120) days before the day fixed by the trustee for the trustee's sale, *notice of such sale shall be given by registered or certified mail, return receipt requested, to the last known address* of the following persons or their legal representatives, if any:
    (a) The grantor in the trust deed and any person requesting notice of record as provided in section 45-1511, Idaho Code.

I.C. § 45-1506 (emphasis added).

29, 2008, and that the Trustee's Sale occurred on January 27, 2009.  However, it was not until May 14, 2009, several months following the Trustee's Sale and in response to Plaintiff's motion for a deficiency judgment, that Defendant raised, for the first time, allegations that Plaintiff had breached the Settlement Agreement.

Defendant has provided no legal authority for his assertion that he can avoid liability for the deficiency based on allegations that Plaintiff breached the terms of the Settlement Agreement, and the court agrees with Plaintiff that it would be inequitable for the court to consider these belated allegations in the context of deciding Defendant's liability for the deficiency.  Accordingly, the court concludes that by failing to raise these allegations prior to the Trustee's Sale, Defendant has waived any such defenses.  See generally Brand S Corp. v. King, 102 Idaho 731, 734 (1981) (providing that "waiver is a voluntary, intentional relinquishment of a known right or advantage" relied upon by an adverse party)

### C. Valuation of Cougar Island Property

Finally, the court finds that under the circumstances presented in this case, the evidence provided by Plaintiff to support her claim that the fair market value of the Cougar Island property was $850,000 or less is admissible and acceptable.  Under Idaho law, a qualified real estate agent may testify as to the value of property during the course of litigation so long as the agent meets the requirements of Idaho Rule of Evidence 702.  See Boel v. Stewart Title Guarantee Co, 137 Idaho 9, 15 (2002) ("A real estate agent, if properly qualified under IRE 702, may testify as to the value of property in the course of litigation.").  Rule 702 provides:

> If . . . technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an

>expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

I.R.E. 702.

In this case, Plaintiff set forth evidence that the fair market value of the Cougar Island Property on January 27, 2009, the date of the Trustee's Sale, was in the range of $675,000 to $750,000, a value well below Plaintiff's $850,000 credit bid. Plaintiff provided this evidence via the affidavit of Ms. Sadie Noah, an associate broker licensed by the State of Idaho, who has been actively selling real estate in McCall and Valley counties since 2002. The court finds that, based on her experience and her knowledge of the relevant county real estate markets, Ms. Noah qualifies under Idaho Rule of Evidence 702 to provide expert testimony as to the value of the Cougar Island Property. Accordingly, the court concludes that Plaintiff has provided information sufficient for this court to find, pursuant to Idaho Code Section 45-1512, that the fair market value of the Cougar Island Property at the time of the Trustee's Sale was $850,00 or less.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Compel the Disqualification of Plaintiff's Counsel is DENIED. Plaintiff's Motions to Re-Open Case to Enforce Settlement Agreement and for Deficiency Judgment are GRANTED. A deficiency judgment in the amount of $137,620.24, plus interest at the rate of 8.38 percent per annum, is entered against the Defendant.

Dated this 21st day of October, 2009

_____
Dee Benson
United States District Judge